Citation Nr: 1725230 
Decision Date: 06/30/17 Archive Date: 07/10/17

DOCKET NO. 13-26 216 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to service connection for the cause of the Veteran's death.


REPRESENTATION

Appellant represented by: Florida Department of Veterans Affairs


ATTORNEY FOR THE BOARD

P. Childers, Counsel




INTRODUCTION

The Veteran had active military service from July 1969 to April 1971, including service in Vietnam from April 1970 to April 1971. He died in July 2010. The appellant is the surviving spouse. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a November 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida; which denied, in pertinent part, service connection for hepatitis C and liver cirrhosis for accrued benefits purposes, and service connection for cause of the Veteran's death. 

In May 2015, the Board denied the issues of service connection for hepatitis C and cirrhosis of the liver for accrued benefits purposes; and remanded the issue of service connection for cause of death for a medical opinion. That opinion has been obtained. No further action to ensure compliance with the Board's May 2015 remand directives is required. 


FINDINGS OF FACT

1. The Veteran died in July 2010 due to hepatocellular carcinoma. 

2. At the time of his death the Veteran was service-connected for posttraumatic stress disorder (PTSD); he was not service-connected for any other disorder.






CONCLUSION OF LAW

A service-connected disability did not cause or contribute substantially or materially to cause the Veteran's death. 38 U.S.C.A. §§ 1110, 1154(a), 1310, 5107(b) (West 2014); 38 C.F.R. §§ 3.303, 3.312 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Board has limited the discussion below to the relevant evidence required to support its finding of fact and conclusion of law, as well as to the specific contentions regarding the case as raised directly by the appellant and those reasonably raised by the record. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015); Robinson v. Peake, 21 Vet. App. 545, 552 (2008).

Legal Criteria

The appellant seeks service connection for cause of the Veteran's death. A death certificate shows that the Veteran died on June [REDACTED], 2010, due to hepatocellular carcinoma. No other cause is shown on the death certificate. 

A surviving spouse of a qualifying veteran who died as a result of a service-connected disability is entitled to receive Dependency and Indemnity Compensation (DIC). 38 U.S.C.A. § 1310; 38 C.F.R. § 3.312. The death of a veteran will be considered as having been due to a service-connected disability when the evidence establishes that such disability was either the principal or a contributory cause of death. The issue involved will be determined by exercise of sound judgment, without recourse to speculation, after a careful analysis has been made of all the facts and circumstances surrounding the death of the veteran, including, particularly, autopsy reports. 38 C.F.R. § 3.312(a).

The service-connected disability will be considered as the principal (primary) cause of death when such disability, singly or jointly with some other condition, was the immediate or underlying cause of death or was etiologically related thereto. 38 C.F.R. § 3.312(b). Contributory cause of death is inherently one not related to the principal cause. In determining whether the service-connected disability contributed to death, it must be shown that it contributed substantially or materially; that it combined to cause death; that it aided or lent assistance to the production of death. It is not sufficient to show that it casually shared in producing death, but rather it must be shown that there was a causal connection. 38 C.F.R. § 3.312(c)(1).

When there is an approximate balance of positive and negative admissible evidence regarding any issue material to the determination of a matter, the claimant shall give the benefit of the doubt. 38 U.S.C.A. § 5107(b).

Facts and Analysis

At the time of the Veteran's death on July [REDACTED], 2010, he was service-connected for PTSD, and had a pending claim for service connection for hepatitis C and cirrhosis of the liver. In May 2015 the Board denied the appellant's accrued benefits claims for hepatitis C and cirrhosis of the liver. The issue thus remaining is entitlement to service connection for cause of death, to wit: whether the Veteran's service-connected PTSD contributed to cause his death, and whether the Veteran was entitled to service connection for liver cancer at the time of death.

Medical records confirm that the Veteran suffered from psychological symptoms related to his chronic PTSD, but there is no indication that the Veteran's PTSD contributed substantially or materially, or combined to cause, or aided or lent assistance, to the production of death. On the contrary, in June 2016 a VA examiner averred that it is less likely than not that the Veteran's PTSD either caused or substantially contributed to his death. See June 2016 VA medical opinion. The examiner noted that PTSD is not a risk factor or causation for hepatocellular carcinoma. This is negative evidence against the claim, and there is no medical evidence of record to the contrary. See Colvin v. Derwinski, 1 Vet. App. 171 (1991) (holding that the Board must consider only independent medical evidence to support its findings rather than provide its own medical judgment). 

As for whether the Veteran was entitled to service connection for liver cancer at the time of his death, in a report dated in April 2015 a private physician advised that the Veteran had stage 4 hepatocellular cancer and averred that the cancer was "an unfortunate sequela of chronic hepatitis related to hepatitis C virus infection." See April 15, 2010, private gastrointestinal tumor ambulatory care record. See also VA examiner's June 2016 assertion "the cause for the veteran's death was his hepatocellular carcinoma. This in turn arose from his Hepatitis C." However, as stated before, the Board has determined that the Veteran was not entitled to service connection for hepatitis C (see April 2015 Board decision), and the Board's decision is final. 38 C.F.R. § 20.1100. 

Moreover, the June 2016 VA examiner opined that it is less likely than not that the Veteran's fatal hepatocellular carcinoma was related to his sharing of tooth brushes and razor blades with other service members, or his donation of blood to wounded soldiers, during his service in Vietnam. See June 2016 VA medical opinion. The Board finds this opinion, which was provided after review of the claims file and included a detail rationale with citation to learned points of authority, to be highly probative evidence against the claim; and there is no medical evidence of record to the contrary. Colvin; see also Nieves-Rodriguez, 22 Vet. App. 295 (2008).

In sum, the preponderance of the evidence shows that the Veteran was not entitled to service connection for the hepatocellular cancer that caused his death. It also shows that Veteran's service-connected PTSD did not cause or contribute to cause his death. Accordingly, the benefit of the doubt doctrine does not apply and service connection for cause of the Veteran's death is not warranted.


ORDER

Service connection for the cause of the Veteran's death is denied.



____________________________________________
D. JOHNSON
Veterans Law Judge, Board of Veterans' Appeals
Department of Veterans Affairs